```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    No. 4:06CR108 HEA
                               )              (FRB)
JOSE JOHNSON,                  )
                               )
          Defendant.           )
```

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The defendant filed motions which were heard before the undersigned on April 20, 2006.

1. Motion of Defendant to Suppress Evidence and Statements
   (Docket No. 19)

Testimony and evidence was adduced on the defendant's motion at the hearing on April 20, 2006. From the testimony and evidence adduced at the hearing, the undersigned makes the following findings of fact and conclusions of law:

Findings of Fact

At about 11:00 p.m. on January 12, 2006, Officer Robert Singh, of the St. Louis, Missouri, Police Department, Narcotics Division, met with a confidential informant who told Officer Singh

that a person known to the informant as "Jose" was selling drugs from a burgundy colored Buick automobile parked in the 5400 block of Genevieve in St. Louis. The informant further described Jose as a black male wearing blue jeans and a blue jacket. Officer Singh considered the information provided by the informant to be reliable because the informant had provided information to Officer Singh on several occasions in the past which had proven to be reliable and which led to the arrests and convictions of several persons.

After obtaining the information from the informant Officer Singh and his partner, Officer Michael Ehnez, drove to the vicinity of the 5400 block of Genevieve where they observed a burgundy Buick automobile which appeared to be occupied by one person. Genevieve is a one way street running in a southerly direction. The Buick was parked on the east side of the street near the intersection of Genevieve and Thekla Avenue. The police officers were in an unmarked undercover police vehicle. Officer Ehney was driving and Officer Singh was seated in the passenger seat. The officers were not in uniform but were wearing jackets that were marked with the word "Police" on the front and back. Officer Ehney parked the police vehicle on the west side of Genevieve several car lengths behind the Buick.

After being parked for about five minutes the officers observed a truck driving on Genevieve. The driver of the truck

stopped in the middle of the street next to the Buick. A person, later identified as Jose Johnson, the defendant here, got out of the Buick and approached the truck. Johnson then handed an object to the driver of the truck and the driver in turn handed something to Johnson. The truck drove away and Johnson began to walk back toward the Buick.

Officer Ehnez then drove the police vehicle up to the area of the Buick. Both of the officers got out of the police vehicle. As they did so Johnson, who had continued to walk toward the Buick, looked at them. He then reached into his pants pocket and removed a plastic bag and put it into his mouth. Johnson apparently tried to swallow the bag because he then began coughing and gagging. He then spit the bag from his mouth to the ground. Officer Singh then retrieved the bag and saw that it contained what appeared to be crack cocaine. The officers then approached Johnson who had returned to and gotten back inside the Buick. Officer Singh told Johnson he was under arrest for Violation of the Missouri Controlled Substance Law. Officer Singh then told Johnson to step out of the Buick. Johnson refused saying, "I can't go back to jail." Johnson kicked at Officer Ehnez and resisted when Officer Ehnez tried to remove him from the Buick. Officer Singh was fearful that Johnson might be armed and told Johnson that if he did not come out of the car he would be shot with a taser gun. Johnson refused and the officers used a taser gun to subdue him. Johnson was then removed from the car.

Johnson was then advised of his Miranda rights by Officer Singh who read them from a card.  Specifically, he told Johnson that he had the right to remain silent; that anything he said could be used against him; that he had the right to an attorney and to have the attorney present during questioning if he wished; and that if he could not afford an attorney one would be appointed for him before questioning if he wished.  Johnson said that he understood these rights.  The officers did not question Johnson, but he reiterated and elaborated on his previous statement saying that he had a young child and that he did not want to go back to jail.

Officer Singh searched Johnson following his arrest and found on his person, and seized, approximately $25.00 in currency.

## Discussion

As grounds to suppress the evidence seized by Officers Singh and Ehnez on January 12, 2006, the defendant asserts in his motion that the evidence "was seized as a result of searches and other illegal intrusions into defendant's person and property without a valid search warrant issued upon probable cause, and not pursuant to a lawful order or any other legal justification . . ." He also avers that his arrest was unlawful because made without a warrant and without probable cause."[1]

---

[1] The motion also claims that, "The stop of defendant's vehicle and the search of said vehicle and of defendant's person on January 13, 2006, made without a valid search and without the valid consent of the defendant or of any other lawful resident of the dwelling. (sic)  Any purported consent was not voluntary and was coerced by police conduct.  The vehicle was stopped without probable cause or reasonable suspicion of illegal activity." Evidence adduced at the hearing did not show that the defendant's vehicle was "stopped" by the police.  Nor was there any testimony

The officers approached the defendant after having received information from a reliable informant that the defendant was engaged in selling drugs, and after personally observing activity that was consistent with and corroborated what the informant had told them. At that point they had a reasonable, articulable suspicion that the defendant was engaged in criminal activity and could lawfully approach and detain him to conduct further investigation. <u>Terry v. Ohio</u>, 392 U.S. 1, 21 (1966); <u>United States v. Bell</u>, 183 F.3d 746, 749 (8th Cir. 1999).

As the officers approached the defendant removed a plastic bag from his pants pocket and put it into his mouth, but then spit the bag out of his mouth onto the ground. Officer Singh went to where the bag was on the ground, saw that it contained what appeared to be crack cocaine, and then seized the bag. At the time the bag was on the ground it was in plain view and was evidence of criminal activity. The seizure of the bag was therefore lawful. <u>Texas v. Brown</u>, 460 U.S. 730 (1983); <u>Horton v. California</u>, 496 U.S. 128 (1990).

The defendant claims that his arrest was unlawful because made without a warrant and without probable cause. The arrest of the defendant was lawful, even though made without a warrant, because made upon probable cause. <u>United States v. Watson</u>, 423

---

that any evidence was seized during any search of the vehicle. Nor was there testimony that any evidence was seized in any search conducted with the consent of any person.

U.S. 411 (1976); Gerstein v. Pugh, 420 U.S. 103 (1975). Probable cause for an arrest exists when officers making an arrest have facts and circumstances within their knowledge sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964). Probable cause is a "fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Spinelli v. United States, 393 U.S. 410, 419 (1969). Based on their law enforcement training and experience police officers may draw reasonable inferences of criminal activity from circumstances which might seem merely innocuous to others not so trained and experienced. United States v. Wajda, 810 F.2d 754, 758 (8th Cir. 1987). In determining whether probable cause for a warrantless arrest existed in a particular case the court must consider the totality of the circumstances, including all of the information collectively known to the officers involved in the investigation. United States v. Bubis, 744 F.2d 61, 64 (8th Cir. 1984). Probable cause to arrest may arise in whole or in part from information provided by a confidential informant. Draper v. United States, 358 U.S. 307 (1959); McCray v. Illinois, 386 U.S. 300 (1967). Here the officers had information from a confidential informant, corroborated by

their own observations of activity by the defendant which corroborated what the informant had told them, and by the observation of a bag which had been possessed by the defendant and which contained what appeared to be crack cocaine. All of this provided more than ample probable cause for the arrest of the defendant.

The search of the defendant following his arrest, in which the officers found on the defendant's person, and seized, a quantity of currency was a lawful search and seizure because made and done incident to the lawful arrest of the defendant. <u>New York v. Belton</u>, 453 U.S. 454 (1981); <u>United States v. Pratt</u>, 355 F.3d 1119, 1124 (8th Cir. 2004).

As grounds to suppress the statements made by him the defendant asserts in his motion that the statements "were elicited by coercion and without the defendant being advised of and afforded his rights under the Fifth Amendment of the United States Constitution and said statements are therefore involuntary and inadmissable."

When police question a subject who is in custody the questioning must be preceded by the warnings set out in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966); namely that he has the right to remain silent, that any statement he makes may be used against him, and that he has the right to the presence of an attorney, either retained or appointed, and that if he cannot afford an attorney one can be appointed for him. <u>Id.</u> at 467-73. Custodial interrogation

means questioning initiated by law enforcement officers after a person has been deprived of his freedom of action in some significant way. Id. The proscription of Miranda applies only to questioning initiated by police officers. Rhode Island v. Innis, 446 U.S. 291 (1980). Statements volunteered by persons in custody, and not in response to questioning, are admissible even in the absence of Miranda warnings. Miranda, 384 U.S. at 478.

After the defendant was told he was under arrest, but before he was advised of his Miranda rights the defendant stated that he couldn't go back to jail. This statement was volunteered by the defendant and was not made in response to any questioning by the officers and is admissible even in the absence of Miranda warnings. Miranda, Id.; United States v. Richardson, 427 F.3d 1128, 1132-33 (8th Cir. 2005).

After being placed under arrest the defendant was advised of his Miranda rights by Officer Singh. After being so advised the defendant stated that he understood those rights. The defendant repeated and elaborated on his previous comment, saying that he had a young child and did not want to go back to jail. Once again, this statement was volunteered by the defendant and was not in response to questioning. Richardson, Id. Further, by making the statEment the defendant waived his Miranda rights of which he had just been advised. United States v. Ingram, 839 F.2d 1327, 1329 (8th Cir. 1988).

There is no evidence that any of the statements made by the defendant were the result of any threats, promises or other coercion by the officers. The statements were therefore voluntary. Haynes v. Washington, 373 U.S. 503 (1963); Colorado v. Connelly, 479 U.S. 157 (1986).

### Conclusion

For all of the foregoing reasons the defendant's Motion to Suppress Evidence and Statements should be denied.

2. **Motion for Discovery of Identity of Confidential Informant** (Docket No. 20)

As grounds for his motion the defendant avers in his motion that the confidential informant from whom the police received information in this case "was present to identify the defendant as the person he knew as Jose." The evidence adduced at the hearing on April 20, 2006, does not support this assertion. Officer Singh testified that the officers left the company of the informant after receiving the information about "Jose", and that the informant was not with them or present at the scene as they surveilled and subsequently arrested the defendant.

Disclosure of the identity of an informant is required if the defendant can demonstrate that such disclosure "would be relevant and helpful to the defense or essential to a fair trial." United States v. Chevre, 146 F.3d 622, 623-24 (8th Cir. 1998)(quoting United States v. Hayes, 120 F.3d 739, 743 (8th 1997)). The evidence adduced at the hearing shows that the charges in the indictment arise out of occurrences observed by the officers

themselves and that the informant was not present at or a witness to those events. In such circumstances disclosure of the informant's identity is not required. <u>United States v. Chevre</u>, 146 F.3d at 623.

Therefore, the defendant's motion should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Suppress Evidence and Statements (Docket No. 19) and Motion for Discovery of Identity of Confidential Informant (Docket No. 20) be denied.

The parties are advised that they have until **June 6, 2006,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of May, 2006.